IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL PENKALSKI,

                Plaintiff,                              ORDER

      v.                                                  12-cv-168-wmc

UW BOARD OF REGENTS, MARK GUTHIER,
SUSAN RISELING, UW-MADISON POLICE DEPT.,
THE WISCONSIN UNION,
DANE COUNTY DISTRICT ATTORNEY'S OFFICE,
JOHN D. WILEY, ISMAEL OZANNE and
DANE COUNTY CIRCUIT COURT,

                Defendants.

---

Plaintiff Paul Penkalski has filed a proposed complaint. He asks for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. The standard for determining whether a plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff is not employed and borrows money to pay his expenses. From plaintiff's affidavit, I conclude that he qualifies for indigent status. Therefore, plaintiff may proceed without any prepayment of fees or costs.

Because plaintiff is proceeding *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915 to determine whether this case must be dismissed because (1) the complaint is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Accordingly, IT IS ORDERED that plaintiff's complaint is taken under advisement. As soon as the court's calendar permits, plaintiffs' complaint will be screened pursuant to 28 U.S.C. § 1915 to determine whether it must be dismissed either because the complaint is frivolous or malicious, fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief.  Plaintiff will be notified promptly when such a decision has been made.  In the meantime, if plaintiff needs to communicate with the court about this case, he should be sure to write the case number shown above on this communication.

Entered this 14th day of March, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge