IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL PENKALSKI,

                Plaintiff,                OPINION AND ORDER

v.

                                                  12-cv-168-wmc

TANNER GERSTNER,

                Defendant.

---

The court previously granted *pro se* litigant Paul Penkalski leave to proceed on Fourth Amendment claims against defendant Officer Tanner Gerstner. (3/17/14 Op. & Order (dkt. #6).) In the same opinion, the court denied Penkalski leave to proceed on a number of other claims against a number of other defendants. (*Id.*) Before the court are two letters to the court by plaintiff seeking reconsideration of its screening order, assistance in recruiting counsel and an order requiring the Dane County Circuit Court, UW and the Dane County District Attorney's office to retain all relevant records. (Dkt. ##10, 12.) For the reasons that follow, the court will deny all three requests. Because plaintiff's motion for consideration is denied, there also is no reason to push back the dispositive motion deadline. Indeed, both sides have now moved for summary judgment, mooting that request.

OPINION

**I. Motion for Reconsideration**

First, plaintiff challenges this court's "objectivity" and correctness of conclusions based on a statement in a footnote that two injunctions may have expired by their terms.

(Dkt. #10; *see also* 3/17/14 Op. & Order (dkt. #6) 6 n.5.) Plaintiff himself acknowledges that the "reversals were academic" given the amount of time spent on appeal. (Dkt. #10 at p.1.) In any event, this statement in a footnote had no import on the court's decision to deny him leave to proceed on claims based on his treatment in state court. As explained at length in the screening order, defendants were entitled to immunity. In the alternative, plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or by the *Rooker-Feldman* doctrine. (3/17/14 Op. & Order (dkt. #6) 18-19.)

Second, plaintiff states that he was "flabbergasted" that he could not pursue 42 U.S.C. § 1983 claims against state entities, e.g., UW departments. (Dkt. #10 at p.1.) As explained in the screening order, state or governmental entities are not subject to suit; instead, § 1983 claims may only be directed at persons operating under the color of state law. (3/17/14 Op. & Order (dkt. #6) 14.) While this may be surprising, it is the law. Where possible, the court considered plaintiff's claims against individuals, even adding defendant Gerstner as an individual defendant in the claim for which plaintiff was granted leave to proceed.

Third, plaintiff takes issue with the court's discussion of whether he had plead a "class of one" equal protection claim, and specifically raises concerns about whether he was required to plead "magic words," namely "intentionally discriminatory treatment lacking a rational basis." (Dkt. #10 at p. 1; *see also* 3/17/14 Op. & Order (dkt. #6) 17.) The court had no expectation that plaintiff plead those exact words. Even if he had, such a conclusory statement would not have sufficed. Instead, as the court explained, Penkalski's own allegations provide a rational basis for defendants excluding him from

the union and other buildings -- the court orders barring him. (3/17/14 Op. & Order (dkt. #6) 17-18.)

## II. Motion for Assistance in Recruiting Counsel

Civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936. The court cannot, however, "appoint" counsel to represent an indigent civil litigant; it merely has the discretion to recruit a volunteer in an appropriate case.

In determining whether to recruit a volunteer attorney, the court must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). To prove that appointment of counsel is necessary, Penkalski must (1) give the court the names and addresses of at least three lawyers who declined to represent him in this case, and (2) demonstrate his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). While plaintiff represents that he has

contacted one Madison attorney, he fails to fulfill the threshold requirement of providing the names and addresses of at least three who have declined to represent him.

Even if plaintiff had attempted to retain counsel, in his motion, plaintiff rests his motion on a lack of legal experience. (Dkt. #10 at p.2; dkt. #12 at p.1.) Penkalski's concern about litigating this case as a non-attorney is universal among *pro se* litigants. Given the limited number of counsel willing to take on this work, even with the court's active recruitment, this is not an adequate basis for appointing counsel.

While plaintiff's complaint pursued a variety of claims against a number of defendants, the screening order narrowed his complaint to one defendant based on a single arrest. The law concerning that claim was explained to plaintiff in the court's March 27 order granting plaintiff leave to proceed on his claims. Moreover, plaintiff has personal knowledge of the circumstances surrounding this arrest. Plaintiff also mentions being under "severe, often incapacitating stress." (Dkt. #10 at p.2; dkt. #12 at p.1 (complaining of migraine headaches).) While the court does not doubt plaintiff's account of his health, unfortunately, this too does not provide an adequate basis for recruiting counsel. A number of the court's *pro se* litigants suffer similar stress in pursuing their claims. Accordingly, Penkalski' motion to appoint counsel will be denied. The denial, however, is without prejudice to plaintiff renewing his motion at a later stage of the proceedings. For example, if Penkalski's claims survive summary judgment, the court will consider whether the appoint counsel for trial.

**III. Motion for Order Requiring Third Parties to Retain Documents**

Finally, plaintiff seeks an order requiring the Dane County Circuit Court, UW and the Dane County district attorney's office to retain all transcripts, records, emails and other communications. (Dkt. #10 at p.2.) The court cannot grant such a sweeping request, especially in light of the very limited claim on which plaintiff has been granted leave to proceed. If plaintiff wishes to review documents relevant to his May 29, 2010, arrest, he should request those documents from defendant, or, in the alternative, serve a third-party subpoena on the University of Wisconsin police department. Federal Rules of Civil Procedure 34 provides a mechanism for serving such document requests, and specifically provides a right to inspect and copy all relevant, non-privileges documents. A copy of this rule will be mailed to plaintiff along with this opinion.

ORDER

IT IS ORDERED that plaintiff's letters to the court construed as motions for reconsideration, assistance in recruiting counsel, and an order requiring third parties to retain documents (dkt. ##10, 12) are DENIED.

Entered this 2nd day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge