IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL PENKALSKI,

                        Plaintiff,

v.

TANNER GERSTNER,

                        Defendants.

ORDER

12-cv-168-wmc

---

      Plaintiff Paul Penkalski brought false arrest and unlawful arrest claims under the Fourth Amendment against defendant Officer Tanner Gerstner based on his arrest on May 19, 2010, contending that: (1) there was no probable cause to effectuate an arrest, resulting in his false arrest claim; and (2) there were no exigent circumstances to justify a warrantless arrest inside of his residence, resulting in his unlawful arrest claim. On summary judgment the court granted summary judgment to plaintiff as to his unlawful arrest claim, but denied as to his false arrest claim. At plaintiff's request, the court recruited counsel Jeff Scott Olson in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

      Plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients

they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at her direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Jeff Scott Olson as plaintiff's *pro bono* counsel of record.

Entered this 30th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge